Matter of Provost-Lutz v Schmid (2024 NY Slip Op 00708)

Matter of Provost-Lutz v Schmid

2024 NY Slip Op 00708

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

127 CAF 23-00170

[*1]IN THE MATTER OF MICHAEL PROVOST-LUTZ, PETITIONER-APPELLANT,
v
JACQUELINE SCHMID, RESPONDENT-RESPONDENT. 

TULLY RINCKEY, PLLC, NEW YORK CITY (MICHAEL E. LIPTROT OF COUNSEL), FOR PETITIONER-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Salvatore A. Pavone, R.), entered December 14, 2022, in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner virtual parenting time with the subject children on a weekly basis. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that, inter alia, awarded him weekly virtual visitation with the subject children. The record establishes, however, that the father, through his guardian ad litem, stipulated on the record in open court to the terms of the order, and it is well settled that "no appeal lies from an order entered upon the parties' consent" (Matter of Holiday v Holiday, 214 AD3d 1456, 1457 [4th Dept 2023] [internal quotation marks omitted]). Although the father contends that his guardian ad litem did not have authority to enter into the stipulation of settlement on his behalf, we note that a party " 'cannot be relieved from a stipulation . . . upon an appeal from the order entered pursuant to the stipulation' . . . The proper remedy is a motion to vacate . . . the order or a motion to set aside the stipulation" (Matter of Michelle F., 280 AD2d 969, 969 [4th Dept 2001]; see also Holiday, 214 AD3d at 1457).
The father's remaining contentions are not properly before us.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court